# Wallace v. Rodgers, Appellant.

*Slander—Repetition of slander—Measure of damages.*

One who maliciously repeats a slanderous accusation is guilty and answerable in damages, and the fact that he did not originate the slander will only go in mitigation of damages.

Where special damages are claimed they should be distinctly averred, and where the wrong consists merely in the repetition of a current slander, the plaintiff must trace his special injury to the wrong of defendant. It is not sufficient, for recovery of special damages, to show : (1) That defendant was one of those who uttered it. (2) That because of the existence of such a slanderous accusation, plaintiff suffered a special injury.

In an action for slander, it appeared that defendant had repeated a statement that plaintiff had stolen a stove from a car belonging to a railroad company which employed him as a car inspector. Plaintiff was discharged

from his position by reason of a report made to the superintendent by a special agent of the company in which he was charged amongst other things with stealing a stove. The special agent testified that his report was not based upon information obtained from defendant, but upon that obtained from other parties. *Held*, that defendant was not liable for special damages.

Argued May 22, 1893. Appeal, No. 318, Jan. T., 1893, by defendant, Lottie D. Rodgers, from judgment of C. P. Northumberland Co., Sept. T., 1891, No. 251, on verdict for plaintiff, Edwin T. Wallace. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for slander.

The facts as they appeared before ALBRIGHT, P. J., of the 31st judicial district, specially presiding, are stated in the opinion of the Supreme Court.

Defendant's point was, among others, as follows:

" 2. The plaintiff himself having proven that the discharge or suspension from work of the plaintiff was not on account of the words laid in the plaintiff's statement, but for other causes, there can be no recovery by the plaintiff of special damages, by reason of his having been discharged. *Answer:* Negatived. The point assumes a fact; whether or not the fact as is here stated is for the jury to decide." [5]

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Error assigned* was (5) instructions, quoting them.

*S. B. Boyer*, *J. H. Rockefeller* with him, for appellant, cited: Stearns v. Merchants' Bank, 53 Pa. 490; McDormott v. Hoffman, 70 Pa. 31; Withers v. Gillespy, 7 S. & R. 10; Seip v. Storch, 52 Pa. 210; Starkie on Evidence, 8 Am. ed. 244; Stockton v. Demuth, 7 Watts, 39; Lewars v. Weaver, 121 Pa. 268; Klumph v. Dunn, 66 Pa. 141; Kennedy v. Gregory, 1 Bin. 85; Smith v. Stewart, 5 Pa. 372.

*Geo. B. Reimensnyder*, *W. J. Sanders* with him, for appellee, cited: Drown v. Allen, 91 Pa. 393; Pease v. Shippen, 80 Pa. 513.

OPINION BY MR. JUSTICE DEAN, July 19, 1893 :

The plaintiff brought suit against defendant to recover damages for slander. It was averred she had said, " he had stolen a stove out of a box car when it was red hot, while he was in the employ of the railroad company, and had sold it." The proof tended to show that, while defendant had not originated the charge, she had more than once repeated it. The learned judge of the court below properly instructed the jury that one who maliciously repeats a slanderous accusation is guilty and answerable in damages, and the fact that the defendant did not originate the slander will only go in mitigation of damages. The evidence in the case was sufficient to warrant a verdict for damages generally against defendant, and so far as concerns appellant's assignments of error, except on the question of plaintiff's right to recover from defendant special damages, they are without merit. But where special damage is claimed, it should be distinctly averred, and where caused by the mere repetition of an accusation, the wrongdoing of defendant, as the cause of the special injury, should be proven. One who originates a slanderous charge, which causes special injury to the object of it, is answerable, no matter how many repetitions there may have been, before the plaintiff, in his business, profession, or employment, felt the effect of it. Where, however, the wrong consists only in the repetition of a current slander, it is not sufficient for recovery of a special damage, to show: (1) That defendant was one of those who uttered it. (2) That because of the existence of such a slanderous accusation, plaintiff suffered a special injury. He must go further, and trace his special injury to the wrong of defendant. By defendant's repetition of a charge which imputed an indictable offence, she did that which was actionable, and which entitled the plaintiff to a verdict for damages, generally ; but when plaintiff asked, in addition, that defendant make him whole for a particular injury caused by the accusation, he must offer evidence which proves, or warrants the inference, that the particular injury was caused by the defendant. She does not stand in a vicarious attitude, answerable for all the slanderers in the community who may have either originated or given currency to the false accusation ; she must respond in damages, general or special, only for the results of her own malicious words.

What was the evidence on the question of special damage here ? The plaintiff was in the employ only of the P. & E. R. R. as car inspector on May 12, 1891, and was discharged by E. B. Westfall, superintendent, because of this slander, he alleges. The loss of remunerative employment is therefore claimed as a special damage. The evidence shows, the railroad company had directed one J. M. Rhoades to make certain investigations concerning their employees, and report to the superintendent. As to Wallace, this plaintiff, he reported that about two years before he had stolen a stove out of a car in the yard; that he had been in prison for another larceny; that he stole his coal; had been active in advising other accused persons how to act, and therefore suggested that he be discharged.

It will be noticed that, in addition to the accusation embodied in the slanderous words repeated by defendant, Rhoades reports against him to the superintendent three others. The superintendent testifies that the discharge was based on the whole report taken together; his testimony is not very positive as to just what effect the accusation concerning the stove had. But, assuming there was sufficient in Mr. Westfall's testimony to warrant the jury in finding that the charge in Rhoades's report concerning the stove, operated, along with the other offences, in causing plaintiff the loss of his situation, is the defendant answerable for this loss ?

The discharge, it will be observed, was based wholly on Rhoades's report; not on other information, or even on rumors identical with the slanderous accusation repeated by defendant, which possibly might have warranted an inference connecting her with them. Such being the case, plaintiff must connect her by other evidence in some way with the accusation in Rhoades's report. This he does not do; on the contrary, Rhoades testifies positively that he got his information from one Lizzie Fahnestock, who told him that the plaintiff had stolen the stove; that plaintiff had told her so himself, and had sold the stove to her for two dollars. Rhoades further testified that Mrs. Rodgers, defendant, was not present at his conversation with Lizzie Fahnestock, and that no one, at any time, had named defendant as authority for the accusation. The evidence, it seems to us, wholly fails to show that defendant's unruly tongue, either directly or indirectly, caused the special damage complained of.

If this particular accusation prompted the discharge at all, it was because it was written in Rhoades's report; it went into the report from the mouth of Mrs. Fahnestock, and came to her, if she is to be believed, from plaintiff's own mouth.

The defendant's second point, the answer to which is her fifth assignment of error, asked the court to say to the jury, that as plaintiff himself had proven his suspension from work was not on account of what defendant had said concerning him, as laid in his statement, therefore he could not recover from her special damages for loss of situation, was negatived for the reason, as given in the words of the learned judge, " The point assumes a fact; whether or not the fact is as here stated, is for the jury to decide."

We think the fact as assumed in the point was proven by two of plaintiff's witnesses, and was not contradicted by any evidence in the cause. The plaintiff in his statement averred that he had lost his situation by reason of defendant's utterance of the false accusation to Frank Brouse, Mrs. Anten, Frank Koenig, and divers other persons. He called to the stand Detective Rhoades and Superintendent Westfall, who proved positively, that, if the loss of the situation was due to the slander, it was not because defendant had repeated it, but because Mrs. Fahnestock declared to Rhoades what plaintiff himself had told her. True, the credibility of Mrs. Fahnestock is attacked, and it is denied by plaintiff that he made to her such statement; but plaintiff did not and could not attack the veracity of Rhoades and Westfall, his own witnesses, who, even if Mrs. Fahnestock were untruthful, proved positively that, if the slander procured the discharge, it was because Lizzie Fahnestock uttered it, and not Mrs. Rodgers, the defendant; therefore, Mrs. Fahnestock alone is answerable for any special damage caused by inserting the accusation in Rhoades's report.

The defendant's second point should have been affirmed, and the jury instructed, if they found for plaintiff, to find only general damages. While we cannot say the jury assessed in their verdict special damages, yet under the instructions given they may have done so. Therefore the judgment is reversed, and a new trial awarded.